WK:SKW
F. #2020R00670

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

JOEL LACROIX,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**1:20-cr-00408(SJ)(LB)**

I N D I C T M E N T

Cr. No. _____
(T. 18, U.S.C., §§ 924(c)(1)(A)(i),
  924(c)(1)(A)(ii), 924(d)(1),
  928(a)(1)(C), 981(a)(1)(C), 1951(a), 2
  and 3551 et seq.; T. 21, U.S.C.,
  § 853(p); T. 28, U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
(Hobbs Act Robbery)

    1.    On or about June 8, 2020, within the Eastern District of New York and elsewhere, the defendant JOEL LACROIX, together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of a black 2008 Infinity G35 with VIN number JNKBV61F58M262440, and United States currency from one or more individuals, in the vicinity of 721 Campus Street in Uniondale, New York.

    (Title 18, United States Code, Sections 1951(a), 2 and 3551 <u>et</u> <u>seq</u>.)

<u>COUNT TWO</u>
(Possessing and Brandishing a Firearm During a Crime of Violence)

    2.    On or about June 8, 2020, within the Eastern District of New York and elsewhere, the defendant JOEL LACROIX, together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to a crime of

violence, to wit: the crime charged in Count One, and did knowingly and intentionally possess such firearms in furtherance of said crime of violence, one of more of which firearms was brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 2, and 3551 et seq.)

## COUNT THREE
(Hobbs Act Robbery)

3. On or about June 16, 2020, within the Eastern District of New York and elsewhere, the defendant JOEL LACROIX, together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of United States currency from one or more individuals, in the vicinity of 88 Crystal Street in Brooklyn, New York.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

## COUNT FOUR
(Possessing and Brandishing a Firearm During a Crime of Violence)

4. On or about June 16, 2020, within the Eastern District of New York and elsewhere, the defendant JOEL LACROIX, together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to a crime of violence, to wit: the crime charged in Count Three, and did knowingly and intentionally possess such firearms in furtherance of said crime of violence, one of more of which firearms was brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 2, and 3551 et seq.)

## COUNT FIVE
(Hobbs Act Robbery)

5. On or about June 21, 2020, within the Eastern District of New York and elsewhere, the defendant JOEL LACROIX, together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of a black 2008 Infinity G35 with Florida License plate number NNVT95 and VIN number JNKBV61F98M256088, and United States currency from one or more individuals, in the vicinity of the intersection of 135th Avenue and 142nd Street in Queens, New York.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

## COUNT SIX
(Possessing and Brandishing a Firearm During a Crime of Violence)

6. On or about June 21, 2020, within the Eastern District of New York and elsewhere, the defendant JOEL LACROIX, together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to a crime of violence, to wit: the crime charged in Count Five, and did knowingly and intentionally possess such firearms in furtherance of said crime of violence, one of more of which firearms was brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 2, and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS ONE, THREE AND FIVE

7. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Counts One, Three and Five the government will seek

forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses.

8.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS TWO, FOUR AND SIX

9.  The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Counts Two, Four and Six the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or

ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 922 or 924.

10. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

SETH D. DuCHARME
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

By: _____
Assistant U.S. Attorney

F.#2020R00706

FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

JOEL LACROIX,

Defendant.

# INDICTMENT

(T. 18, U.S.C., §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(d)(1), 928(a)(1)(C), 981(a)(1)(C), 1951(a), 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____
*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ A.D. 20 _____

_____
*Clerk*

Bail, $ _____

*Sara K. Winik, Assistant U.S. Attorney (718) 254-6058*