

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

WK:SKW
F. #2020R00670

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

October 19, 2020

<u>By ECF and E-mail</u>

The Honorable Sterling Johnson, Jr.
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    <u>United States v. Joel Lacroix</u>
                 <u>Criminal Docket No. 20-408 (SJ)</u>

Dear Judge Johnson:

      The government and the defendant jointly request that the Court enter an Order of Excludable Delay in the above-captioned matter from October 28, 2020 through December 2, 2020, the date of the defendant's first status conference before the Court.

      On October 7, 2020, the defendant was arraigned before the Honorable Vera M. Scanlon. <u>See</u> ECF 5. During his arraignment, the defendant fired his appointed attorney and objected to the exclusion of time under the Speedy Trial Act. <u>Id.</u> Judge Scanlon appointed the defendant a new attorney under the Criminal Justice Act and ordered that time be excluded until October 28, 2020. <u>Id.</u> Judge Scanlon further instructed the government to confer with the defendant's newly appointed attorney and submit a letter to the assigned district court judge before October 28, 2020 regarding whether time should be excluded until the first status conference.

   The government and defense counsel have conferred and jointly request that time be excluded through December 2, 2020.  The Speedy Trial Act provides this Court with broad discretion to grant a "continuance on the basis of [its] findings that the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  In this instance, the interests of justice are served by excluding time because the government has recently produced discovery to the defendant and the parties are in ongoing plea negotiations.  Time is needed for the parties to discuss resolution of the case and prepare for trial.  Moreover, in light of the limitations on how many arraignments, hearings, and trials can proceed safely in the courthouse due to the COVID-19 pandemic, it is in the interest of justice to exclude time until December 2, 2020.  See 18 U.S.C. § 3161(h)(7)(B)(i) (calling for the consideration of "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice").

   Defense counsel has conferred with Mr. Lacroix and he consents to this period of excludable delay.  Mr. Lacroix also consents to defense counsel singing the enclosed Order of Excludable Delay on his behalf.

           Respectfully submitted,

           SETH D. DuCHARME
           Acting United States Attorney

      By:  /s/ Sara K. Winik
           Sara K. Winik
           Assistant U.S. Attorney
           (718) 254-6058

Enclosure

cc:  Don Doublay, Esq. (by ECF and E-mail)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------- X

UNITED STATES OF AMERICA,

    - against -

JOEL LACROIX,

               Defendant.
---------------------------- X

APPLICATION AND ORDER
OF EXCLUDABLE DELAY

Docket no. 20-CR-408

The United States of America and the defendant Joel Lacroix hereby jointly request that the time period from October 28, 2020 to December 2, 2020 be excluded in computing the time within which

- [ ] an information or indictment must be filed, or    (XW)
- [x] trial of the charges against the defendant must commence.    (XC)

The parties seek the foregoing exclusion of time in order because

- [x] they are engaged in plea negotiations, which they believe are likely to result in a disposition of this case without trial, and they require an exclusion of time in order to focus efforts on plea negotiations without the risk that they would not, despite their diligence, have reasonable time for effective preparation for trial,
- [ ] they need additional time to investigate and prepare for trial due to the complexity of the case,
- [ ] other:

The defendant states that he has been fully advised by counsel of his rights guaranteed under the Sixth Amendment to the Constitution; the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161-74; the plan and rules of this Court adopted pursuant to that Act; and Rule 50(b) of the Federal Rules of Criminal Procedure. The defendant understands that he has a right to be tried before a jury within a specified time not counting periods excluded.

_____
Joel Lacroix

_____
Don Doboulay, Counsel for Defendant

_____
Sara K. Winik, for U.S. Attorney, E.D.N.Y.

The joint application of the United States of America and the defendant, having been heard at a proceeding on the date below, the time period from October 28, 2020 to December 2, 2020 is hereby excluded in computing the time within which ☐ an information or indictment must be filed or ☒ trial must commence. The Court finds that this exclusion of time serves the ends of justice and outweighs the interests of the public and the defendant in a speedy trial for the reasons discussed on the record and because

- [x] given the reasonable likelihood that ongoing plea negotiations will result in a disposition of this case without trial, the exclusion of time will allow all counsel to focus their efforts on plea negotiations without the risk that they would be denied the reasonable time necessary for effective preparation for trial, taking into account the exercise of due diligence.
- [ ] they need additional time to investigate and prepare for trial due to the complexity of the case,
- [ ] other: _____

**SO ORDERED.**

**Dated:**    Brooklyn, New York
                October ___, 2020

_____
THE HONORABLE STERLING JOHNSON JR.
United States District Judge